ALBERT TESSIER v. JOHN J. MAGEE ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 69895

Memorandum filed April 13, 1948.

*David H. Jacobs,* of Meriden, for the Plaintiff.

TROLAND, J. This is an action for a declaratory judgment determining the effect of a purported decree of divorce entered by the First Judicial District Court of the state of Nevada, in and for the county of Ormsby, granting a divorce to the defendant Delia M. Tessier, from the plaintiff.

Although both parties defendant herein entered an appearance through counsel on October 10, 1947, no answer or other pleading was filed in their behalf, and on March 5, 1948, their counsel was granted permission to withdraw his appearance, default for failure to plead was entered on February 15, 1948.

The evidence before the court was limited in scope but reveals and supports the following facts:

The plaintiff, Albert Tessier and the defendant, Delia M. Tessier, were married at Meriden, Connecticut, February 27, 1946. They lived together in Meriden until January 17, 1947.

The defendant, John J. Magee, a married man, living in Meriden during a portion of said period, was attentive to Mrs. Tessier, under such circumstances as to cause suspicion and trouble in the Tessier household.

On January 17, 1947, the defendant Mrs. Tessier, and the defendant John J. Magee, left Meriden, Connecticut, together, by automobile, driving to the state of Nevada, and arriving at Reno in said state, on or about February 3, 1947.

At Reno the defendants registered at a small hotel or lodging house. Thereupon the defendants each consulted the same counsel for the purpose of securing divorces from their respective spouses. The defendants remained in Reno until on or about May 7, 1947.

On May 6, 1947, the First Judicial District Court of the state of Nevada, in and for the county of Ormsby, entered its decree in the case of *John J. Magee* v. *Mary T. Magee,* dissolving the bonds of matrimony theretofore existing between the parties. On the said May 6, 1947, the same court, in the case of *Delia M. Tessier* v. *Albert Tessier,* entered its decree, purporting to dissolve the bonds of matrimony entered into and existing between the plaintiff herein, Albert Tessier, and the defendant, Delia M. Tessier. In said cause the plaintiff, Albert Tessier did not appear, and he was not served with any process or papers in said action within the state of Nevada, and Albert Tessier and Delia M. Tessier never resided together in Nevada, and the plaintiff Albert Tessier at no time was within the jurisdiction of said court of said state of Nevada, and the plaintiff Albert Tessier did not at any time submit, either personally or by counsel, waiver or otherwise, to the jurisdiction of said Nevada court.

On the same day, to wit: May 6, 1947, that the purported decrees of divorce were granted to John J. Magee, and to Delia M. Tessier, said defendants herein immediately thereafter appeared before a justice of the peace of Reno Township, Nevada, and went through a marriage ceremony purporting to join them in lawful wedlock.

On the next day, May 7, 1948, the defendants left the state of Nevada by automobile and returned to Connecticut, arriving back in Meriden on or about June 11, 1947, where they have since resided.

The question which determines the issue here is whether Delia M. Tessier and John J. Magee had each acquired a bona fide domicil in the state of Nevada at the time their respective divorce decrees were entered, so that they were valid decrees, entitled to full faith and credit under article IV, § 1, of the constitution of the United States.

It seems clear that Mrs. Tessier and Mr. Magee, left Meriden, Connecticut, together in January, 1947, for Reno, for the sole purpose of obtaining divorces from their respective spouses.

Neither Delia M. Tessier nor John J. Magee ever established a home in Reno and they never had an unqualified intention to make a home there. The domicil of Delia M. Tessier and the domicil of John J. Magee in January, 1947, was Meriden, Connecticut, and it has so remained to the date of the trial herein.

At no time did either Delia M. Tessier or John J. Magee ever establish a domicil in the state of Nevada, and therefore this necessary condition precedent to the jurisdiction of the Nevada court failed to exist.

The plaintiff is advised that the decree of divorce granted to his wife, Delia M. Tessier, by the Nevada court on May 6, 1947, was colorable and did not dissolve the bonds of matrimony existing between the plaintiff and said Delia M. Tessier, and said purported marriage entered into between Delia M. Tessier and the defendant John J. Magee, at Reno, Nevada, May 6, 1947, is null and void, and the plaintiff Albert Tessier and the defendant Delia M. Tessier remain and are husband and wife with the usual rights and duties and correlative obligations.

Judgment herein is on authority of *Rice* v. *Rice*, recently decided by the Supreme Court of Errors, and cases therein cited.